# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FIELDS, III, : | |
| Petitioner : | |
| v. : | CIV. NO. 3:18-1169 |
| UNITED STATES, *et al.,* : | (Judge Mannion) |
| Respondents : | |

## MEMORANDUM

Petitioner, Andrew Fields, a federal inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He claims that he has "received a sentence reduction of 410 months reduced to 92 months but the full term hasn't been modified correctly in the Federal Bureau of Prisons computation computer system" and that Petitioner has "completed his 92 month sentence but still remains in F.B.O.P. custody." (Doc. 1, petition). Thus, Petitioner seeks "immediate release from custody". Id. For the reasons set forth below, the petition will be denied.

## I. Background

On July 19, 2012, Petitioner was convicted in the United States District Court for the Western District of Kentucky three counts:

> Count 1: Possession with Intent to Deliver Cocaine Base, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B)
>
> Count 2: Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2); and
>
> Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation 18 U.S.C. §924(c)(1)(A), (B)(i) and (C)(i).

United States v. Fields, No. 3:11-cr-0045 (W.D. Ky. (Doc. 54, Judgment and Commitment Order)).

On October 31, 2012, Petitioner was sentenced to a term of 110 months each as to Counts 1 and 2, to be served concurrently with each other, and 300 months as to Count 3, to be served consecutively to the concurrent 110 month term, for an aggregate sentence of 410 months. Id.

On September 8, 2014, Petitioner filed a motion to vacate under 28 U.S.C. §2255. Id. at 72. He raised four grounds for relief. Id.

On February 12, 2015, the sentencing court, granted a motion for sentence reduction, pursuant to under 18 U.S.C. §3582(c)(2), as follow:

> **GRANTED** and the defendant's previously imposed sentence of imprisonment (*as reflected in the last judgment issued*) of 110 months as to each of Counts 1 and 2 of the Indictment, to be served concurrently with each other, 300 months as to Count 3 to be served consecutively to the terms imposed on Counts 1 and 2 for a total term of 410 months is reduced to a term of 92 months as to each of Counts 1 and 2 of the Indictment, to be served concurrently with each other, 300 months as to Count 3 to be served consecutively to the terms imposed on Counts 1 and 2 for a total term of 392 months imprisonment. If on November 1, 2015, this reduced sentence is less than the amount of time the Defendant has already served, then the sentence herein shall be reduced to a "Time Served" sentence.

United States v. Fields, No. 3:11-cr-0045 (W.D. Ky. (Doc. 87, Order)).

By Memorandum and Order dated March 18, 2015, the Court adopted the Magistrate Judge's February 23, 2015 Findings of Fact and Conclusions of Law and Recommendation and denied Petitioner's §2255 motion. Id. at 95.

On April 9, 2018, Petitioner filed a motion to vacate under 28 U.S.C. §2255. in the United States District Court for the Western District of Kentucky, seeking release from imprisonment because his sentence was reduced, and he has now served the ordered amount of time, but is still

being held by the Bureau of Prisons (BOP) because his sentence time has not been updated correctly in the BOP computer system. Id. at 107.

By Memorandum and Order dated April 28, 2018, the Court construed Petitioner's motion as a motion for writ of habeas corpus pursuant to 28 U.S.C. §2241, and transferred the action to the United States District Court for the Middle District of Pennsylvania. Id. at 108. On April 30, 2018, Petitioner's action was received and filed in this Court. (Doc. 1, petition).

## II. Discussion

Petitioner files the instant petition for writ of habeas corpus, seeking immediate release on the basis that he has fully served his sentence. In support of such request, he submits two arguments. The first is that Petitioner requested a "copy of all of his trial proceedings legal documents" and "was mailed only a criminal docket sheet", which Petitioner claims contains a docket entry for his sentence reduction that reads "Imprisonment of 410 months is reduced to 92 months." (Doc. 13 at 2). Secondly, Petitioner claims that in the Magistrate Judge's February 23, 2015 Findings of Fact, the Magistrate Judge referenced in footnote 19, that "The District Court subsequently reduced Field's sentence to 92 months pursuant to 28 U.S.C. §3582(c)(2). (DN 87, Order Reducing Sentence)." Id. Thus, Petitioner claims that "in the event that if Petitioner is reading his docket sheet incorrectly he makes note that he only wishes to receive what he suppose to have coming by law and/or nothing more and dos not wish to waste the Court's time with frivolous litigations." Id.

While the Court can certainly see how these unofficial references to the Petitioner's sentence might lead to some confusion, the controlling document for Petitioner's sentence is the Kentucky District Court's February

13, 2015 Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2), which clearly states that Petitioner's sentence "is reduced to a term of 92 months as to each of Counts 1 and 2 of the Indictment, to be served concurrently with each other, 300 months as to Count 3 to be served consecutively to the terms imposed on Counts 1 and 2 for a total term of 392 months imprisonment". See United States v. Fields, No. 3:11-cr-0045 (W.D. Ky. (Doc. 87, Order)). As such, Petitioner is not entitled to the relief requested.

Consequently, the petition for writ of habeas corpus will be denied. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: November 13, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1169-01.wpd